### GULICK & HOLMES v. JOHN GROVER.

#### CALVIN B. HOLMES v. SAME.

1. When a husband permits his wife to carry on a certain business in his name, and for that purpose authorizes her to draw notes and checks and put his name to them, she becomes a general agent, and all acts done by her in the prosecution of said business and which properly belong to it, are valid as against her husband.

2. But where, under such circumstances, a wife undertakes to put the husband's name to mere accommodation paper, or place him as a surety for loans made to third persons having no connection with the business her husband has sanctioned, he is under no legal liability to pay and no action can be maintained against him.

These cases came before the court on motions for new trials and were argued together. The circumstances in which the suits originated were these: The defendant, for several years, permitted his wife to carry on a certain business in his name, in the course of which she, with his knowledge and consent, was in the habit of drawing checks and notes in his name. One John R. Holmes being indebted to

the plaintiffs, Gulick & Holmes, and being desirous to raise money for his own purposes, applied to them, Gulick & Holmes, to assist him in obtaining a loan. This that firm agreed to do to the extent of $1000, on the notes of the defendant. In pursuance of this arrangement John R. Holmes obtained from the wife of the defendant two notes, signed by her with the name of her husband, but without his knowledge, both of which were drawn to the order of Calvin B. Holmes, the one being for $589.80 and the other for $310.20. These notes were delivered by John R. Holmes to Gulick & Holmes, who were aware that the name of the defendant was signed by his wife. The smaller of the two notes was procured to be discounted by Gulick & Holmes, they accounting to John R. Holmes for the proceeds. The other note was discounted in bank through the agency of Calvin B. Holmes, who obtained the discount at the instance of Gulick & Holmes. The sum of $———, being part of the money realized on this latter note, was paid to Mrs. Grover, the wife of the defendant, on an order of John R. Holmes, who was indebted to her for money previously loaned to him. The residue of the amount of note was handed over by Calvin B. Holmes to John R. Holmes. These notes not being paid, the above suits were brought upon them.

For the motion, *H. V. Speer.*

Contra, *A. V. Schenck.*

The opinion of the court, was delivered by

BEASLEY, CHIEF JUSTICE. That the wife of the defendant was, in law, his agent in every transaction within the scope of the business which she carried on with his consent, is a self-evident proposition. It is likewise undeniable that with regard to such business she was the general and not the special agent of her husband, the consequence being that, as to the public, her authority is to be measured not by the actual power conferred upon her, but by the ostensible extent of

her general employment. As far as the defendant permitted his wife to hold herself out as his agent, so far he is estopped from denying her authority. All the acts, therefore, of the wife done in the prosecution of the business above alluded to, and which acts properly appertain to such business, are valid as against the husband, unless the party seeking to enforce the obligation which they impose was aware that such acts exceeded the authority of the wife. This is the universal rule in all cases of the existence of a general agency.

It is obvious that the compass of this rule will not embrace the acts of the wife of the defendant in making the notes in controversy. They are mere accommodation paper, and have no connection whatever with the business which the husband sanctioned. It was a gratuitous act of the wife, in which the husband had no interest. From the fact, that the defendant allowed his wife to draw notes in the course of a particular business, no reasonable inference could be drawn that he had confided to his wife the authority to place him as a surety for loans made to third persons. If the contrary doctrine were to prevail, no general agent in any business, no matter how circumscribed it might be, could be appointed without putting the entire estate of the principal to hazard from the folly or dishonesty of such agent. But the subject will bear no discussion; the rule of law being indisputable that an agent, in order to bind his principal, must act within the scope of his authority. In this case the power delegated was to make notes in the name of the defendant in a particular business; such authorization did not confer the right to make notes for any other purpose. The notes in question were not created in furtherance of the employment confided to the wife; the parties who took them were aware that they had no connection with such employment. These suits, therefore, cannot be sustained on this paper.

That portion of the proceeds of the note held by Calvin B. Holmes, which was paid over by him to the wife of the defendant, may possibly rest on different grounds. The evidence seems to indicate, though somewhat obscurely, that

this money was used by the wife in the business of the husbanp. If this be so, as it was obtained by the unauthorized act of the wife, it may well be that the husband has no right to retain it as against the plaintiffs.

I think a new trial should be granted in each case.